UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAPAG-LLOYD AKTIENGESELLSCHAF, *et al.*, | |
| Plaintiffs, | Civil Action No. 20-905(FLW) |
| v. | |
| SFC INTERNATIONAL LLC, | **ORDER and JUDGMENT** |
| Defendant. | |

**THIS MATTER** having been opened to the Court by Rick A. Steinberg, Esq., counsel for Plaintiffs Hamburg, Hapag-Lloyd Aktiengesellschaft, Hapag-Lloyd (America), LLC, (collectively, "Plaintiffs"), on a motion for default judgment against Defendant SFC International LLC ("Defendant"), pursuant to Fed. R. Civ. P. 55(b); it appearing that Defendant failed to answer or otherwise respond to the Complaint after having been properly served, *see* ECF 5, and consequently, default was entered against Defendant by the Clerk's Office on April 6, 2020; it further appearing that Defendant, having been served with the instant motion, has not opposed the motion or otherwise responded to this lawsuit; the Court, having reviewed Plaintiffs' moving brief, along with counsel's certification and exhibits, in connection with the pending motion, makes the following findings:

(1)    In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* The

1

Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) Here, all factors weigh in favor of granting default judgment against Defendant. First, Plaintiffs have been prejudiced because Defendant failed to timely respond to the Complaint and Summons or the Amended Complaint. *See Peterson v. Boyarsky Corp.*, No. 08–1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant].").  Second, the facts alleged in the Amended Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the Defendant's failure to answer makes it practically impossible for the Court 'to determine whether [the Defendant has] a meritorious defense…..'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted). Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted). Here, since Defendant has not timely responded to any of the pleadings over

    the course of the litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

(3)  An entry of default judgment is also appropriate because Plaintiffs seek a sum certain. Plaintiffs, a common carrier by water, "transported cargo for the benefit of Defendant during 2018-2019 in the foreign commerce of the United States in the course and scope of Defendant's operations." Am. Comp., ¶ 6.  Such transportation and services provided are evidenced by Plaintiffs' service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are set forth in the exhibits attached to counsel's certification.  Taking all pleadings as true, Hapag-Lloyd has fully performed its obligations, and Defendant has failed to remit $239,091.09 in contractual payments.[1] *Id.* at ¶ 7.

Accordingly, the Court having reviewed Plaintiffs' submissions in connection with the pending motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

  **IT IS** on this 11th day of August, 2020,

  **ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**; and it is further

  **ORDERED** that an amount of $239,091.09 is awarded to Plaintiffs.

                /s/  Freda L. Wolfson
                Freda L. Wolfson
                Chief Judge

---

[1] Plaintiffs also seek an amount of $540 for "costs and disbursements of this action." However, nowhere in any of the agreements that Plaintiffs have relied upon on this motion is there a provision that permits Plaintiffs to seek reimbursement of costs in the event the parties litigated in court.  Absent any contractual provision, there is no basis upon which this Court can grant a payment of such costs.

3